**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| MICHAEL MOREY, | ) ) | |
| Plaintiff Intervenor, | ) ) | Case No. CIV-07-1083-M |
| v. | ) ) | |
| ATHLON PHARMACEUTICALS, INC., | ) ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is "Defendant Athlon Pharmaceuticals, Inc.'s Motion to Dismiss Plaintiff Intervenor Michael Morey's Oklahoma Public Policy and Oklahoma Anti-Discrimination Claims, with Brief in Support", [docket no. 17], filed December 18, 2007. On December 26, 2007, plaintiff-intervenor filed his response, and on January 7, 2008, defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.      Background

In this employment action, plaintiff-intervenor has asserted three causes of action against defendant. First, plaintiff-intervenor alleges that defendant, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, engaged in unlawful employment practices "by creating, permitting and condoning sexual harrassment and retaliation against [plaintiff-intervenor] which resulted in his forced resignation for engaging in a protected activity, namely reporting and attempting to prevent his immediate superior from sexually harassing two female employees of the Defendant who were under [plaintiff-intervenor's] immediate supervision." Intervenor Complaint

at 2. Second, plaintiff-intervenor alleges that defendant retaliated against him for engaging in protected activity when he reported and attempted to prevent sexual harassment against female employees, in violation of the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25, §1101, *et seq*. Third, plaintiff-intervenor alleges that the "retaliation against [him] constitutes a violation of Oklahoma law and public policy for which the Defendant is liable in tort, and for that reason [plaintiff-intervenor is entitled to recover actual and punitive damages as hereafter requested, all pursuant to *Burk vs. K-Mart Corporation*, 770 P.2d 24, 1989 OK 22, and *Saint vs. Data Exchange Incorporated*, 145 P.3d 1037, 2006 OK 59." *Id*. at 4.

Defendant has moved to dismiss as a matter of law the second and third causes of action, contending that the OADA does not expressly afford a private right of action for retaliation, and plaintiff-intervenor's *Burk* tort claim must fail because his federal remedy under Title VII is adequate, and hence, exclusive.

II.     Standard for Dismissal

"[A] complaint should not be dismissed for failure to state a claim unless it appears...plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1968 (2007). The relevant inquiry is whether the complaint contains enough facts to state a claim to relief that is plausible on its face. *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007). The issue in reviewing the sufficiency of plaintiff-intervenor's complaint is not whether he will prevail, but whether he is entitled to offer evidence to support his claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in plaintiff-intervenor's complaint and view them in a light most favorable to plaintiff-intervenor. *Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Sutton v. Utah State Sch. For*

*the Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). However, the Court need not accept as true plaintiff-intervenor's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

III.   Discussion

Defendant asserts that the OADA does not expressly afford a private right of action for retaliation. In fact, "[t]he original version of the Oklahoma anti-discrimination statutes did not create a private cause of action. *Duncan v. City of Nichols Hills*, 913 P.2d 1303, 1307 (Okla. 1996). Subsequently, however, the Oklahoma Supreme Court later held that Oklahoma's public policy against age discrimination as embodied by the OADA affords the same rights as the other members of the class. *Saint v. Data Exchange, Inc.*, 145 P.3d 1037, 1039 (Okla. 2006). Those who are victims of discrimination because of a handicap are extended a private right of action as a class. *Tate v. Browning-Ferris, Inc.*, 833 P.2d 1218, 1229 (Okla. 1992). Furthermore, "[f]or remedial purposes, discrimination victims comprise a single class. Our Constitution absolutely interdicts the passage of special law that would sanction disparate remedies for those who complain of employment discrimination." *Saint*, 145 P.3d at 1039.

Having reviewed the parties' submissions, the Court finds that plaintiff-intervenor is afforded a private right of action concerning his claim against defendant for retaliation in violation of the OADA. Specifically, the Court finds that plaintiff-intervenor's retaliation claim is predicated upon gender discrimination and/or sexual harassment, one of the victims of covered areas that must be afforded the same remedy given to victims of handicap discrimination. Accordingly, the Court denies the motion for summary judgment as to the private right of action under the OADA.

Defendant further alleges that because plaintiff-intervenor has an adequate federal remedy

under Title VII, a *Burk* public policy tort claim will not lie, citing *Clinton v. State ex rel. Logan County Election Bd.*, 29 P.3d 543 (Okla. 2001) and *List v. Anchor Paint Mfg. Co.*, 910 P.2d 1011, 1014 (Okla. 1996). To the extent plaintiff-inervenor seeks to rely on the Oklahoma Supreme Court's opinion in *Saint*, 145 P.3d 1037, defendant asserts that the court in *Saint* did not overrule *Clinton* and *List*.

In *Burk*, the Oklahoma Supreme Court adopted a public policy exception to the at-will termination rule, which applies in "a narrow class of cases in which the discharge is contrary to a clear mandate of public policy articulated by constitutional, statutory or decisional law." *Burk*, 770 P.2d at 26. The OADA provides administrative remedies for victims of gender discrimination. *See Collier v. Insignia Fin. Group*, 981 P.2d 321, 325-326 (Okla. 2006). Further, the OADA clearly indicates that Oklahoma public policy prohibits discrimination on the basis of gender. *Id.*

In *Saint*, the Oklahoma Supreme Court was asked to determine whether the Age Discrimination in Employment Act ("ADEA") was an adequate federal remedy sufficient to preclude a *Burk* tort claim. *Saint*, 145 P.3d at 1037. The Oklahoma Supreme Court concluded the federal remedy was not adequate and plaintiffs were entitled to bring both an ADEA and OADA claim.[1] *Id*. at 1039.

Having reviewed the parties' submissions, the Court finds that a *Burk* tort is available to a person, like plaintiff-intervenor, who seeks to bring a civil action based on gender discrimination/sexual harassment and retaliatory discharge. Furthermore, in light of Oklahoma Supreme Court authority, the Court finds that plaintiff-intervenor may bring his *Burk* tort claim in

---

[1]The Court finds that the reasoning in *Saint* would apply to a gender discrimination/sexual harassment and retaliatory discharge claim.

addition to his federal claims because the federal remedies are inadequate. Accordingly, the Court denies the motion to dismiss as to the adequate and exclusive federal remedy.

Defendant also asserts that plaintiff-intervenor's conduct-based retaliation claims should fail for the same reasons a status-based *Burk* public policy claim would fail. Specifically, defendant alleges that an adequate federal remedy under Title VII exists for both conduct-based and status-based claims. The Tenth Circuit, however, has concluded that *Burk* claims should be denied in those instances where a party has brought status-based claims, rather than in those instances alleging conduct-based claims. *Green v. Bd. of County Comm'rs*, 472 F.3d 794, 804 (10th Cir. 2007). Having reviewed the parties' submissions, the Court finds that plaintiff-intervenor has alleged a state law claim predicated upon his conduct in attempting to prevent and redress sexual harassment to female employees under his supervision which resulted in his retaliatory discharge. The Court, therefore, denies the motion to dismiss as to this basis because the instant claim is conduct-based.

IV.   Conclusion

For the reasons set forth above, the Court hereby DENIES defendant's motion to dismiss.

**IT IS SO ORDERED this 6th day of August, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

addition to his federal claims because the federal remedies are inadequate. Accordingly, the Court denies the motion to dismiss as to the adequate and exclusive federal remedy.

Defendant also asserts that plaintiff-intervenor's conduct-based retaliation claims should fail for the same reasons a status-based *Burk* public policy claim would fail. Specifically, defendant alleges that an adequate federal remedy under Title VII exists for both conduct-based and status-based claims. The Tenth Circuit, however, has concluded that *Burk* claims should be denied in those instances where a party has brought status-based claims, rather than in those instances alleging conduct-based claims. *Green v. Bd. of County Comm'rs*, 472 F.3d 794, 804 (10th Cir. 2007). Having reviewed the parties' submissions, the Court finds that plaintiff-intervenor has alleged a state law claim predicated upon his conduct in attempting to prevent and redress sexual harassment to female employees under his supervision which resulted in his retaliatory discharge. The Court, therefore, denies the motion to dismiss as to this basis because the instant claim is conduct-based.

IV.   Conclusion

For the reasons set forth above, the Court hereby DENIES defendant's motion to dismiss.

**IT IS SO ORDERED this 6th day of August, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE